IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyrkland Mansell, *also known as* *Krykland Mansell*,<br><br>             Plaintiff,<br><br>v.<br><br>Hobart Lewis, *Greenville County Sheriff*,<br><br>             Defendant.<br>_____ | Civil Action No. 9:22-cv-3519-BHH<br><br>**ORDER** |

      This matter is before the Court upon Plaintiff Kyrkland Mansell's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., and on December 8, 2022, the Magistrate Judge informed Plaintiff of pleading deficiencies and gave him the opportunity to amend his complaint. To date, Plaintiff has not filed an amended complaint.

      Accordingly, on January 20, 2023, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

      The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because Plaintiff has not filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. Stated plainly, it appears that Plaintiff's claim for damages would imply the invalidity of his conviction and is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, even if not barred by *Heck*, Plaintiff's complaint fails to state a claim for relief because Plaintiff provides no facts to support his claim that Defendant violated his federal constitutional or statutory rights.

Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 8), and the Court **dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 8, 2023
Charleston, South Carolina